UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREIDA ZEIDEL, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-06989 |
| MOZEO, LLC, | ) ) | Judge Dow |
| Defendant. | ) ) | Magistrate Judge Martin |

## DEFENDANT'S ANSWER AND DEFENSES TO
## CLASS ACTION COMPLAINT

Defendant Mozeo, LLC ("Mozeo"), by its attorneys, answers the Plaintiff's Class Action Complaint and asserts its affirmative defenses as follows:

### [NATURE OF THE CASE]

1. In an effort to promote its client's apparel products, Defendant, a mobile marketing company, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

**ANSWER: Mozeo denies the allegations contained in this paragraph.**

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has violated consumers" statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

**ANSWER: Mozeo is without knowledge or information sufficient to form a belief as to the truth of the allegation that "consumers frequently**

have to pay their cell phone service providers for the receipt of such wireless spam" and, therefore, denies that allegation. Mozeo denies the remaining allegations contained in this paragraph.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

**ANSWER:** Mozeo admits that Plaintiff Freida Zeidel ("Plaintiff") purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), on behalf of herself and a purported class. Mozeo denies that it is liable to Plaintiff or any member of the purported class. Mozeo denies any remaining allegations in this paragraph.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER:** Mozeo admits that, by this lawsuit, Plaintiff seeks injunctive relief, statutory damages, costs and reasonable attorney's fees. Mozeo denies that it is liable to Plaintiff or any member of the purported class for any of the requested relief. Mozeo denies any remaining allegations in this paragraph.

### [PARTIES]

5. Plaintiff is a citizen of Illinois.

**ANSWER:** Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.

6. Defendant is a New York limited liability company with its principle place of business in New York. It does business throughout the United States, including in Illinois and in this County.

**ANSWER: Mozeo admits the allegations contained in this paragraph.**

[JURISDICTION]

7. This Court has personal jurisdiction over Defendant because Defendant does business within this State and events giving rise to the cause of action occurred in this State.

**ANSWER: Mozeo admits that the Court has federal question jurisdiction over Plaintiff's TCPA claim against Mozeo, and further admits that the Court has personal jurisdiction over Mozeo for purposes of this lawsuit only.**

[VENUE]

8. Venue is proper in Cook County because Defendant does business in Cook County and events giving rise to the cause of action occurred in Cook County.

**ANSWER: Mozeo admits that venue for Plaintiff's TCPA claim against Mozeo is proper in this District.**

[CONDUCT COMPLAINED OF]

9. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

10. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a

messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

**ANSWER: Mozeo admits the allegations in the second sentence of this paragraph that the terms "Short Message Service" or "SMS" generally describe "a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters." With respect to any remaining allegations contained in this paragraph, Mozeo lacks knowledge or information sufficient to form a belief about the truth of those allegations and, therefore, denies those allegations.**

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

**ANSWER: Mozeo admits the allegations in the first sentence of this paragraph that generally an '"SMS message" is "a text message call directed to a wireless device through the use of the telephone number assigned to the device." With respect to any remaining allegations contained in this paragraph, Mozeo lacks knowledge or information sufficient to form a belief about the truth of those allegations and, therefore, denies those allegations.**

12.     Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

**ANSWER:   Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

13.     Beginning in at least 2013 and continuing for weeks if not months thereafter, Defendant and its agents caused mass transmissions of wireless spam to the cell phones of what Defendant hoped were potential customers of its client's apparel products.

**ANSWER:   Mozeo denies the allegations contained in this paragraph.**

14.     For instance, on June 5, 2013, Plaintiffs cell phone rang, indicating that a text call was being received.

**ANSWER:   Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

15.     The "from" field of the transmission was identified cryptically as "24587." Which is an abbreviated telephone number known as an SMS short code operated by Defendant. The body of such text message read:

> "Welcome to VIP status! Your gift: 20% OFF ur purch.
> Exclusive offers 2 come. Cannot Combine RC 427 Expires
> in 30 days. www.Mandee.com Rply STOP to stop"

**ANSWER:   Mozeo admits that its "SMS short code" is "24587," and that its records indicate that at least one SMS message with the language quoted in this paragraph was sent using Mozeo's short code. With respect to any remaining allegations contained in this paragraph, Mozeo lacks**

knowledge or information sufficient to form a belief about the truth of those allegations and, therefore, denies those allegations.

16. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

17. At no time did Plaintiff consent to such wireless spam from Defendant.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

### [CLASS ALLEGATIONS]

18. Plaintiff brings this action on behalf of herself and a class (the "Class") defined as follows: All persons in the United States and its territories who received one or more unauthorized text message advertisements from Defendant.

**ANSWER: Mozeo admits that Plaintiff purports to seek certification of a class, but Mozeo denies all other allegations contained in this paragraph and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

19. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

20. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

> (a) Did Defendant and/or its agents send one or more text messages to the Class;
>
> (b) Did the text messages distributed by Defendant violate the TCPA?
>
> (c) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the text messages at issue?
>
> (d) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

**ANSWER: Mozeo denies the allegations contained in this paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

21. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the Class, and she has retained counsel competent and experienced in similar class action litigation.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations. Mozeo further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

22. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective Class is impracticable, and (b) most members of the Class could not reasonably vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

**ANSWER: Mozeo denies the allegations contained in this paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

**[COUNT I]**
**[(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)]**

23. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER: Mozeo restates and incorporates its responses to Paragraphs 1 through 22 above as if fully restated herein.**

24. Defendant made unsolicited commercial text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

25. These text calls were made *en masse* through the use of a short code without the prior express consent of the Plaintiff and the Class.

**ANSWER: Mozeo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

26. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated and have suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER: Mozeo denies the allegations contained in this paragraph.**

27. Should the Court determine that Defendant's misconduct was willful the Court may and should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class.

**ANSWER: Mozeo denies the allegations contained in this paragraph.**

## DEFENSES

By setting forth these defenses, Mozeo does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.

### First Defense
### (Consent)

The claims of Plaintiff and putative class members are barred to the extent that they provided Mozeo or any other appropriate entity with consent for the alleged calls, including, without limitation, "prior express consent" under the TCPA.

### Second Defense
### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which the Plaintiff's Complaint is based, are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution and the due process provision of the Fourteenth Amendment to the United States Constitution.

## Third Defense
## (No Duplicative Relief)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting Mozeo to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## Fourth Defense
## (Settlement Credits)

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity, on the other hand, Mozeo is entitled to any settlement credits permitted by law.

## Fifth Defense
## (Lack of Control)

Any purported damages to Plaintiff or the purported class members, which Mozeo continues to deny, may be the result of the acts or omissions of persons or entities over whom Mozeo has neither control nor responsibility.

## Sixth Defense
## (Defenses Specific to Class Members)

Mozeo may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Mozeo reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### Seventh Defense
### (Unclean Hands and Estoppel)

Plaintiff and members of the putative class may have unclean hands with respect to the transactions described in the Complaint, and may be otherwise estopped from asserting the claims enumerated therein.

### Eighth Defense
### (Excessive Statutory Penalties/Damages)

The statutory penalties/damages sought by Plaintiff and members of the punitive class are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution and the due process provision of the Fourteenth Amendment to the United States Constitution.

### Ninth Defense
### (Lack of Standing)

Plaintiff and members of the putative class have suffered no injury and do not have standing to assert TCPA claims against Mozeo.

### Tenth Defense
### (Reservation of Rights)

Mozeo reserves the right to raise additional defenses to which it may be entitled or which may be developed in the course of discovery.

**WHEREFORE**, Defendant Mozeo, LLC respectfully requests that this Honorable Court deny the relief requested in the Plaintiffs' Class Action Complaint, dismiss this action in its entirety, grant Mozeo its costs of suit including reasonable attorneys' fees, and such other and different relief as the Court deems just.

Dated: October 30, 2013

Respectfully submitted,

**MOZEO, LLC**

By: /s/ Albert E. Hartmann
One of Its Attorneys

Albert E. Hartmann (ARDC # 06256064)
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
T: 312-368-2142
F: 312-630-7317
Email: albert.hartmann@dlapiper.com

# **CERTIFICATE OF SERVICE**

I, Albert E. Hartmann, an attorney, depose and state that on October 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice to all counsel of record.

I also served the following via email:

> Evan M. Meyers
> McGuire Law, P.C.
> 161 North Clark Street, 47th Floor
> Chicago, IL 60601
> Email: emeyers@mcgpc.com

/s/ Albert E. Hartmann
Albert E. Hartmann