**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| FRIEDA ZEIDEL, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 13-cv-06989 |
| v. | ) ) | |
| YM LLC USA, a Delaware limited liability company, | ) ) ) | Hon. Robert M. Dow, Jr. |
| | ) | Magistrate Judge Daniel G. Martin |
| *Defendant*. | ) ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Frieda Zeidel, by her undersigned attorneys, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, hereby moves this Honorable Court for entry of an Order compelling Defendant A&M (2015) LLC (f/k/a YM LLC USA) (hereinafter "YM" or "Defendant") to produce documents and to provide complete responses to Plaintiff's Document Requests, Interrogatories and Requests for Admission. In support of her Motion, Plaintiff states as follows:

I. **INTRODUCTION**

    A. **Background and Procedural History**

Defendant is an operator of retail clothing stores located in several states across the country. (First Amended Class Action Complaint (hereinafter "Compl."), Dkt. 14, at ¶¶ 1, 6.) In a misguided effort to increase sales of its merchandise, Defendant undertook a marketing campaign where it sent unauthorized spam text message advertisements to consumers throughout the nation. (*Id.* at ¶ 14.) After she received such an unauthorized and automated text message advertisement on her cellular phone from Defendant on June 5, 2013, Plaintiff initiated this class

action on August 19, 2013.[1]   (Compl. at ¶ 20.)   On March 21, 2014, Plaintiff filed her First

Amended Class Action Complaint, naming YM as a defendant in this action.  (Dkt. 14.)  In order

to stop Defendant's practice of transmitting unsolicited text messages to consumers' cellphones,

and to obtain redress for others who received similar messages, Plaintiff brought claims against

Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) (the

"TCPA"), which makes it unlawful to: (1) call a cellular telephone number; (2) using an

automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent.

*Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 527 (E.D. Wis. 2014) (citing 47 U.S.C. § 227

(b)(1)(A)).[2]   As identified in her First Amended Class Action Complaint, Plaintiff seeks to

represent a class consisting of "[a]ll persons in the United States and its territories who were sent

one or more unauthorized text message advertisements from Defendant[]."  (Compl. at ¶ 20.)

On September 12, 2014 – six months prior to the original date for close of discovery –

YM moved for summary judgment.  (Dkt. 33.)  The Court then entered an Agreed Order on

October 14, 2014, setting a discovery and briefing schedule with respect to the Motion for

Summary Judgment.  (Dkt. 39.)  The Agreed Order stayed all other discovery and proceedings

pending a ruling on the Summary Judgment Motion.

On April 27, 2015, the Court denied Defendant's Motion for Summary Judgment.  (Dkt.

55.)  Subsequently, on June 24, 2015, the Court entered an Order setting a new discovery

schedule, which contained deadlines for class discovery and for the filing of a renewed Motion

for Class Certification.  (Dkt. 58.)  The June 24, 2015 Order set a class discovery deadline of

November 10, 2015.

---

[1] The case was removed to District Court on September 30, 2013.  (Notice of Removal, Dkt. 1.)
[2] The existence of consent is actually an affirmative defense under the TCPA.  *See, e.g., Paldo Sign & Display Co. v. Wagener Equities, Inc.*, No. 09-cv-07299, 2014 WL 4376216, at *7 (N.D. Ill. Sept. 4, 2014); *Thrasher Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 907 (N.D. Ill. 2012).

On August 17, 2015, Plaintiff moved for leave to file a Second Amended Class Action Complaint. (Dkt. 59.) In her Second Amended Class Action Complaint, Plaintiff sought to amend the class definition and add a subclass in advance of moving for class certification, remove references to a previously dismissed defendant, and add an additional named plaintiff to better represent the subclass. (Dkt. 59 at 1–2.) Plaintiff's Motion for Leave to Amend was fully briefed as of September 17, 2015 and is still awaiting ruling from the Court. On August 19, 2015, Defendant filed a Motion to Dismiss arguing that an offer of judgment rendered Plaintiff's claim moot. (Dkt. 62.) However, on September 28, 2015, after Plaintiff filed her opposition brief (Dkt. 67), Defendant withdrew its Motion to Dismiss. (Dkt. 69.)

### B. Plaintiff's Class Discovery Requests

On October 7, 2015, Plaintiff propounded written discovery requests, including Document Requests, Interrogatories, and Requests for Admission ("Discovery Requests"). The deadline for Defendant to respond to the Discovery Requests was November 9, 2015, but Defendant requested a one-week extension to which Plaintiff did not object. On November 10, 2015, the Court entered an Agreed Order extending the deadline for class discovery to December 4, 2015 and extending the deadline for Plaintiff to file her renewed motion for class certification to January 8, 2015. (Dkt. 72.)

On November 16, 2015, Defendant served Plaintiff with its Discovery Responses.[3] As discussed in more detail below, the Discovery Responses were grossly deficient, with the primary deficiency being the fact that Defendant refused to provide any information or produce any documents relating to Defendant's sending of text messages after October 15, 2013—despite the fact that the class period set forth in the First Amended Complaint and in the Discovery

---

[3] Defendant's Responses to Plaintiff's Document Requests, Interrogatories, and Requests for Admissions are attached hereto as Exhibits A, B, and C, respectively.

Requests extended beyond that date and despite the fact that Defendant's employees have acknowledged that Defendant sent text messages after that date.

After reviewing and analyzing the Discovery Responses, on November 25, 2015, Plaintiff's counsel sent Defendant's counsel a deficiency letter that outlined the primary deficiencies with Defendant's Discovery Responses and requested a telephonic meet-and-confer in order to avoid the need to file a motion to compel.[4] On November 30, 2015, Plaintiff's counsel and Defendant's counsel had a telephonic meet-and-confer, but were unable to come to an agreement regarding the outstanding discovery.[5]

## II. LEGAL STANDARD

Rule 26 broadly permits parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Generally, the Federal Rules "permit liberal discovery in an effort to facilitate the trial or settlement of legal disputes." *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12-cv-5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (citing *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009)). This is equally true in the class action context. *See Jones v. Nat'l Council of Young Men's Christian Assocs. of U.S.*, No. 09-cv-6437, 2011 WL 1312162, at *2 (N.D. Ill. March 31, 2011).

In a class action, prior to the class being certified, the plaintiff is entitled to pre-certification discovery "focus[ing] on the prerequisites for class actions provided by Rule 23(a)[.]" *Harris v. comScore, Inc.*, No. 11-cv-5807, 2012 WL 686709, at *4 (N.D. Ill. March 2, 2012). If a defendant objects to a discovery request, "the burden is upon the objecting party to show why a discovery request is improper." *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). "If the [objecting] party fails to make the requisite showing, Federal

---

[4] Plaintiff's November 25, 2015 deficiency letter is attached hereto as Exhibit D.
[5] Despite the disagreement with respect to written discovery, the parties intend to proceed with depositions currently scheduled for December 3–4.

4

Rule of Civil Procedure 37 allows the Court to enter an order compelling the party to comply with discovery requests." *Desai v. ADT*, No. 11-cv-1925, 2012 WL 1755739, at *1–2 (N.D. Ill. May 11, 2012).

## III.  ARGUMENT

Despite her best efforts, Plaintiff has been unable to obtain the documents and information to which she is entitled.  Indeed, Defendant's Discovery Responses are so incomplete as to effectively constitute a failure to answer at all.  *See* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.")

First, Defendant has not produced any documents showing the call logs or lists of telephone numbers that Defendant collected from consumers.  (*See* Ex. A, Answer to Request No. 27.)  This information is relevant to identifying and ascertaining the putative class members and to establishing the putative class's numerosity—a prerequisite for certification under Rule 23.  *See* Fed. R. Civ. P. 23(a)(1).  Because these documents are relevant to the issue of class certification and are not privileged, Defendant must produce them.

Second, Defendant objects throughout its Discovery Responses to the "Relevant Time Period" as defined in Plaintiff's Discovery Requests.  Plaintiff defines the Relevant Time Period as beginning four years prior to the date the original complaint was filed and continuing through the present—a time period consistent with the four-year statute of limitations under the TCPA and the class definition in the First Amended Complaint.  (Compl. at ¶ 20.)  Defendant objects to this time period in almost all of its Discovery Responses – in many cases offering that objection as its sole response – choosing instead to unilaterally insist on limiting the relevant time period to

May 2013 through October 15, 2013.  Specifically, Defendant makes this objection in response

to the following Discovery Requests:

- Document Request Nos. 2–4, 7–8, 10, 13–14, 17–27;

- Interrogatory Nos. 2–11; and

- Request for Admissions Nos. 1–9, 11–26, 28, 30.

In the responses where Defendant makes this objection, it refuses to disclose *any*

information pertaining to the period after October 15, 2013, asserting that anything after October

15, 2013 is irrelevant.  Specifically, Defendant asserts throughout its Discovery Responses that:

> "Relevant Time Period" as set forth in the definitions comprehends a period of
> time – namely, subsequent to October 15, 2013 – is irrelevant to both: (i) the
> putative class in this case, inasmuch as any MANDEE customers subsequent to
> that date would not be similarly situated to the putative lead plaintiff, Frieda
> Zeidel, and so not share common questions of fact; and, relatedly, (ii) the cause of
> action, which concerns violations of the TCPA prior to October 16, 2013.

(Ex. B., Answer to Interrogatory No. 3.)

Defendant is presumably basing its objection on the grounds that that on October 16,

2013, the FCC modified its regulations implementing the TCPA.  While the TCPA requires the

recipient's "prior express consent" – regardless of whether it is oral or written – to send text

using an automatic telephone dialing system, the modified rules that went into effect on October

16, 2013 mandate that such text messages require the recipient's "prior express written

consent."[6]  In short, Defendant is suggesting that because Plaintiff received a text message prior

to October 15, 2013 – when "prior express consent" was required – all text messages that

Defendant sent after October 15, 2013 – when the FCC actually toughened the standard to "prior

---

[6] *See, e.g.*, 47 C.F.R. § 64.1200(a)(2) ("No person or entity may . . . [i]nitiate, or cause to be initiated, any
telephone call that includes or introduces an advertisement or constitutes telemarketing, using an
automatic telephone dialing system or an artificial or prerecorded voice, to [a cellular telephone] other
than a call made with the prior express written consent of the called party . . . .")

express written consent" – are irrelevant to class certification in this case. Such an argument finds no justification in law, in the facts of this case, or in common sense.

The operative complaint defines the scope of discovery. *Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. 05-cv-520, 2007 WL 809635, at *2 (S.D. Ill. March 15, 2007) (the "scope of discovery is framed by the complaint.") Here, the putative class is currently defined as all individuals who received unauthorized text message advertisements from Defendant. (Dkt. 14, at ¶ 20.) Individuals who received unauthorized messages after October 15, 2013 undisputedly fall within this definition and, thus, information related to the calls placed to those putative class members, including the individuals called and Defendant's policies and practices relevant to sending text messages during that time, is relevant. Defendant cannot unilaterally redefine what is relevant to Plaintiff's claims and control the class that Plaintiff seeks to certify. There is nothing inherently improper with Plaintiff seeking to include in its class definition those individuals who were sent text messages after October 15, 2013 and, as such, Plaintiff is entitled to information relating to the text messages sent during that period.

Moreover, it is entirely improper for YM to use what is essentially a potential counter-argument to a yet-to-be-filed class certification motion as grounds to deny Plaintiff access to the documents and information that would help form the basis of such a motion. In other words, Defendant cannot "on one hand [] contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified." *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12-cv-5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013). Accepting Defendant's position would leave Plaintiff in an unfairly disadvantaged position; she would have to argue for class certification with most of the information relevant to that issue remaining solely in Defendant's hands.

Nor is Defendant correct on the merits in suggesting that individuals who received text messages after October 15, 2013 are not similarly situated to Plaintiff. These individuals are similarly situated to Plaintiff in that they received text message calls on their cell phones from Defendant without giving prior consent, written or otherwise. The claims of the putative class members therefore share common questions of law and fact with Plaintiff's claims. Regardless, it is for the Court to decide whether the putative class members' claims share common questions of law or fact. This is itself part of the class certification inquiry because it goes to determining whether the requirements for class certification have been met. Because anything related to the requirements for class certification is relevant during pre-certification class discovery, the withheld information is relevant and therefore discoverable. *See, e.g., Harris*, 2012 WL 686709, at *4 ("Discovery relevant to class certification [] focus[es] on the prerequisites for class actions provided by Rule 23(a) . . . .") Further, this is not a situation where Defendant can even suggest that Plaintiff is on a "fishing expedition." The information being sought is directly relevant to the class definition and class period asserted in the First Amended Complaint.

If YM wants to oppose Plaintiff's forthcoming class certification motion on the basis that Plaintiff cannot satisfy a requirement under Rule 23, then that is YM's prerogative. But YM is not entitled to unilaterally limit the scope of discovery and thereby attempt to deny Plaintiff access to documents and information consistent with Plaintiff's class definition and consistent with YM's own employee's testimony that Defendant actually sent text messages after October 15, 2013.

Nonetheless, Plaintiff has offered a compromise to Defendant that Defendant has seemingly rejected. Defendant has suggested that the relevant time period should commence only after May 29, 2013, when it first acquired the relevant assets in bankruptcy that would make

it liable for the unauthorized messages. (*See* Ex. B., Answer to Interrogatory No. 2.) Defendant has further testified that it ceased sending text messages after it was named as a party to this litigation in late March 2014. Consequently, in the spirit of cooperation and reasonableness, Plaintiff is willing to limit the discovery requested to the time period May 29, 2013 to the date when Defendant ceased sending any text message advertisements—represented to be sometime in or about late March 2014. However, there should be no reasonable dispute that Plaintiff is entitled to all requested documents and information pertaining to that relevant time period, including documents and information after October 15, 2013.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Frieda Zeidel respectfully requests that the Court enter an Order:

1. Granting its Motion to Compel;

2. Compelling Defendant to produce documents responsive to Plaintiff's Document Requests for the relevant time period as set forth herein;

3. Compelling Defendant to provide complete answers in light of the relevant time period set forth herein to Document Request Nos. 2–4, 7–8, 10, 13–14, and 17–27; Interrogatory Nos. 2–11; and Requests for Admission Nos. 1–9, 11–26, 28, and 30;

4. Requiring Defendant to pay Plaintiff's reasonable fees and expenses incurred in making this Motion; and

5. For such further and other relief the Court deems reasonable and just.

Dated: December 1, 2015                    Respectfully submitted,

                                          FRIEDA ZEIDEL, individually and on behalf of a
                                          class of similarly situated individuals

                                          By: /s/ Eugene Y. Turin
                                               One of Her Attorneys

9

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
Paul Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**<u>Rule 37 Certification</u>**

I hereby certify that I have met the requirements of Federal Rule 37 and Local Rule 37.2 prior to filing this Motion.  On November 25, 2015, I sent a deficiency letter via email to Defendant's counsel, explaining the deficiencies in Defendant's responses to Plaintiff's Document Requests, Interrogatories, and Requests for Admission.  On November 30, 2015, I consulted with Christopher Mitchell, counsel for Defendant, via telephone.  After good faith attempts to resolve differences, the parties were unable to reach agreement on the sufficiency of Defendant's Discovery Responses.  I advised Mr. Mitchell, both in the November 25 letter and during our November 30 telephonic meet-and-confer, that Plaintiff would file a motion to compel if Defendant did not reconsider its Discovery Responses, but Mr. Mitchell confirmed that Defendant will not produce additional documents and will not amend or alter its Discovery Responses.  Therefore, the parties are unable to agree on a resolution as to the discovery that is the subject of this Motion.


/s/ Evan M. Meyers
One of Plaintiff's Attorneys

11

## CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2015, I caused the foregoing *Plaintiff's Motion to Compel Discovery Responses* to be electronically filed with the Clerk of the Court using the CM/ECF system.  A copy of said document will be electronically transmitted to the following counsel of record:

Hal R. Morris
Elizabeth A. Thompson
ARNSTEIN & LEHR LLP
120 South Riverside Plaza
Chicago, IL 60606
hrmorris@arnstein.com
eathompson@arnstein.com

Christopher A. Mitchell
DICKINSON WRIGHT, PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
cmitchell@dickinsonwright.com

/s/ Eugene Y. Turin