**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARLA SERRANO, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 13-cv-06989 |
| v. | ) ) | Magistrate Daniel G. Martin |
| A&M (2015), LLC, | ) ) ) | |
| *Defendant*. | ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND FINAL JUDGMENT**

WHEREAS, on November 6, 2017, this Court entered a Preliminary Approval Order preliminarily approving the proposed Settlement of the Action pursuant to the terms of the Settlement Agreement and directing that notice be given to the members of the Settlement Class;

WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Class (the "Notice Plan"), the Settlement Class was notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release and dismissal of the Released Claims against the Released Parties; and

WHEREAS, a Final Approval Hearing was held on June 15, 2018. Prior to the Final Approval Hearing, a declaration of compliance with the Notice Plan was filed with the Court. Settlement Class members were therefore notified of the terms of the proposed Settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

NOW, THEREFORE, the Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in connection therewith, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The capitalized terms used in this Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this case.

4. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit a timely and valid request for exclusion. No members of the Settlement Class submitted a request for exclusion from the Settlement, no members of the Settlement Class filed any objections to the Settlement, and no members of the Settlement Class requested to be heard at the Final Approval Hearing.

5. Plaintiff Carla Serrano shall serve as Class Representative of the Settlement Class.

6. The following counsel serve as Class Counsel:

>Myles McGuire
>Evan M. Meyers
>Eugene Y. Turin
>MCGUIRE LAW, P.C.
>55 W. Wacker Drive, 9th Floor
>Chicago, IL 60601

7. For purposes of the Settlement and this Final Approval Order and Judgment, the Settlement Class is:

>All individuals who received a text message relating to Mandee stores anytime from October 16, 2013 through December 31, 2014 and containing the language "Welcome to VIP status!".

Excluded from the Settlement Class are all persons who elected to exclude themselves from the Settlement Classes, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

8. The Court finds that the Notice Plan set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

9. The Settlement, as set forth in the Settlement Agreement and this Order is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the expense and duration of further litigation, and the ability of Class Members to obtain relief after judgment, and therefore the Settlement is approved. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and

every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. Upon the Effective Date, the Releasing Parties shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to the Settlement Agreement.

11. The Releasing Parties are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Parties.

12. This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Defendant or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

13. The claims of the Class Representative and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

14. Having reviewed the Plaintiff's unopposed Motion for Approval of Attorneys' Fees, Expenses and Incentive Award, the Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $475,000.00. This amount shall be paid in accordance with the terms of the Settlement Agreement. The Court, having considered the

materials submitted by Class Counsel in support of the Motion for Final Approval and Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award, and the fact that no objections have been filed to the attorneys' fees, costs and expenses sought by Class Counsel, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class; Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel; Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the Settlement Class Members; and finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought, and no objections were made to the award sought.

15. The Court approves an Incentive Award of $1,000.00 for the Class Representative and specifically finds such amount to be reasonable in light of the services performed by the Class Representative for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation being made available to the Settlement Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

16. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement), so long as

they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

18.     Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated:  June 15, 2018

*Daniel G. Martin* (signature)

Daniel G. Martin
United States Magistrate Judge